UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE STYLES, et al., | No. 2:14-CV-1363 KJM KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| DEUTSCHE BANK NATIONAL et al., | |
| Defendants. | |

    Plaintiffs Andrienne and Chuck Styles, proceeding in propria persona, have filed a document they call "Emergency Petition to Vacate Judgment Order," seeking the issuance of a temporary restraining order forbidding the Sheriff of El Dorado County from executing a writ of possession, locking plaintiffs out of 4260 Greenstone Road, Placerville, California.  They have provided documents showing that the El Dorado County Superior Court issued the writ of possession in connection with an unlawful detainer action, case number PCU20140018.  They allege the underlying foreclosure action was improper and so the judgment in the unlawful detainer action is void, not merely voidable.  They further allege if the Sheriff executes the writ of possession, they and their livestock will be homeless.  ECF No. 1.

    Generally, where the court has the authority to grant relief, a temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will

1

result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).   In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Here however, notwithstanding plaintiff's claimed harm, this court does not have the power to grant the requested injunctive relief.  As a general matter, federal district courts may not review state court orders.  *Doe & Assocs. Law Office v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) (stating that "federal district courts lack jurisdiction to review the final determinations of a state court judicial proceeding").  Under this doctrine, called the *Rooker-Feldman* doctrine, this court cannot review the state court decision and give plaintiffs "the same individual remedy [they] were denied in state court." *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (explaining doctrine emanating from the cases of *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983)).  In this case, the state court rejected plaintiffs' request for a stay of its order in the unlawful detainer action.  ECF No. 1 at 17-20  Accordingly, this court cannot consider plaintiffs' attack on the whole of the foreclosure process and the unlawful detainer action because it is, in essence, a request that this court review the state court's decisions and grant them the relief the state court rejected.

/////

/////

/////

/////

2

1   IT IS THEREFORE ORDERED that plaintiffs' request for a temporary restraining order is denied.

DATED: June 5, 2014.

_____
UNITED STATES DISTRICT JUDGE