UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE J. STYLES & CHUCK M. STYLES,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Defendant. | No.  2:14-cv-1363-KJM-KJN PS<br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

Plaintiffs Adrienne J. Styles and Chuck M. Styles, proceeding without counsel, commenced this action on June 5, 2014, and paid the filing fee.  (ECF No. 1.)

On June 5, 2014, the court also issued an "Order Setting Status Conference."  (ECF No. 3.)  The order directed plaintiffs to "complete service of process on defendants named in the complaint within 120 days from the date of this order.  Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date that the complaint is filed.  See Fed. R. Civ. P. 4(m)."  (Id. at 1.)

That same order set a status (pre-trial scheduling) conference for October 23, 2014, at 10:00 a.m., and stated that "[a]ll parties shall appear by counsel or in person if acting without counsel."  (ECF No. 3 at 2.)  The order also directed the parties to file a status report addressing specific topics no later than seven (7) days prior to the status conference.  (Id. at 2-3.)  The order

1

specifically cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.)

No status report was filed prior to the October 23, 2014 status conference, and plaintiffs failed to appear at the status conference. Additionally, the court's records indicate that no defendant has yet appeared in this case, and there has been no docket activity by plaintiffs since the initial filing of the complaint. This strongly suggests that plaintiffs have not yet served defendant with process, even though the 120-day period for service of process has now expired.

Based on plaintiffs' numerous failures, the court has considered whether the action should be dismissed at this juncture. Nevertheless, in light of plaintiffs' *pro se* status and the court's general preference to resolve actions on their merits, the court first attempts lesser sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of this order, plaintiffs shall pay the Clerk of Court $250.00 in monetary sanctions based on plaintiffs' failure to appear at the status conference and failure to comply with court orders.

2. Within fourteen (14) days of this order, plaintiffs shall also show cause in writing why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiffs' failure to prosecute the case and failure to comply with court orders.

3. Alternatively, if plaintiffs no longer wish to pursue the action at this time, they may instead file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within fourteen (14) days of this order.

4. Failure to pay the monetary sanctions imposed and file a written response to the order to show cause by the required deadline, OR file a request for voluntary dismissal of the action by the required deadline, will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

////

////

1       IT IS SO ORDERED.

2 Dated: October 23, 2014

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE